NO. 07-06-0226-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 12, 2007


______________________________



IN THE INTEREST OF M.L.M., A CHILD


_________________________________



FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;



NO. 9286; HONORABLE PHIL VANDERPOOL, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Stefani Hobbs Moore appeals a judgment by which the trial court terminated
appellant's parental rights to her daughter MLM and named the child's father Jerome
Flemons permanent managing conservator. Appellant now challenges the trial court's
findings that the Texas Department of Family and Protective Services established each
ground for termination by clear and convincing evidence. We affirm.

 After the arrest of appellant and her boyfriend, Mickey Charles Hill, for attempting
to manufacture methamphetamine in October 2004, the Department took custody of one-year-old MLM. MLM was released to Hill's mother and grandmother with the stipulation
that appellant not have unsupervised visitation. When that condition was violated and
appellant was charged with additional offenses in July 2005, the Department placed MLM
in foster care. It also filed a petition seeking termination of the parental rights of appellant,
Flemons, and another potential father. As to appellant the petition alleged nine grounds
for termination and that termination was in the best interest of the child. See Tex. Fam.
Code Ann. § 161.001 (Vernon Supp. 2006). A September 2005 order adopted the
Department's service plan listing tasks appellant was required to accomplish to regain
custody of MLM. In October, the Department filed a permanency plan and progress report
that stated appellant was compliant with several aspects of the prior plan but that more
work was necessary toward compliance with other requirements, including maintaining
stable employment and timely response to requests for random drug tests. The plan's
stated goal was family reunification. 

 After a December 2005 permanency hearing the trial court issued an order finding
appellant had not demonstrated adequate compliance with the Department's service plan.
Also in December the Department received test results confirming Flemons was MLM's
natural father. It took a nonsuit as to the other potential father and, after conducting a
home study, placed MLM with Flemons and his wife Amanda in February 2006. She
remained there through the time of trial in May 2006. 

 The evidence at trial consisted of testimony from four witnesses called by the
Department: caseworker LaRae Alexander, Jerome Flemons, Amanda Flemons and
appellant. At trial the Department requested that Flemons be named permanent managing
conservator. Alexander testified to appellant's limited compliance with the conditions of
the service plan. Appellant told Alexander she was employed before her most recent
arrest but Alexander was unable to confirm that. Appellant had completed drug and
alcohol use assessments but, according to Alexander, did not complete the required
counseling. Alexander recounted appellant passed one drug screening but had not
responded to "approximately five" requests for random screening. Appellant had moved
two or three times since Alexander was assigned to the case the previous July, and had
failed to maintain contact with Alexander. According to Alexander, MLM had been doing
well while living with the Flemons. 

 Amanda Flemons expressed interest in adopting MLM. Jerome Flemons agreed
it would be in MLM's best interest to terminate appellant's parental rights, and that he and
Amanda would be able to support and care for MLM. During trial the Department
abandoned five of its alleged grounds supporting termination of appellant's parental rights. 
Through her attorney, appellant invoked her Fifth Amendment right against self-incrimination when questioned about her drug use but did assert she had attempted to
meet all the conditions of the service plan. She also explained that her inability to perform
some requirements was caused by the lack of resources such as transportation. 

 On appellant's motion at the close of the Department's case, the trial court found
the Department had not proven its contention she failed to support MLM in accordance
with her ability. The court found the Department established the three remaining grounds
and that termination was in the best interest of the child. Those grounds were that
appellant knowingly placed or allowed the child to remain in conditions which endangered
her physical or emotional well-being, engaged in conduct or knowingly placed the child with
persons who engaged in conduct which endangered her physical or emotional well-being,
and failed to comply with the provisions of a court order specifically establishing the actions
necessary to obtain return of the child. See Tex. Fam. Code Ann. § 161.001(1)(D), (E),
(O) (Vernon Supp. 2006). 

 Family Code Section 161.001 authorizes termination of parental rights on proof of
two elements by clear and convincing evidence: first, that the parent committed any one
of the enumerated acts or omissions; and second, that termination is in the best interest
of the child. Tex. Fam. Code Ann. § 161.001 (Vernon Supp. 2005); In re A.V., 113 S.W.3d
355, 362 (Tex. 2003); In re S.A.P., 169 S.W.3d 685, 695 (Tex.App.-Waco 2005, no pet.);
In re S.M.L.D., 150 S.W.3d 754, 756 (Tex.App.-Amarillo 2004, no pet.). Clear and
convincing evidence is that measure or degree of proof that will produce in the mind of the
trier of fact a firm belief or conviction as to the truth of the allegations sought to be
established. Tex. Fam. Code Ann. § 101.007 (Vernon 2002); In re J.L., 163 S.W.3d 79,
84 (Tex. 2005). Accordingly, appellate review of the sufficiency of evidence supporting a
termination finding must determine and address whether the evidence is such that the trier
of fact could reasonably form a firm belief or conviction about the truth of the allegation. 
In re C.H., 89 S.W.3d 17, 25 (Tex. 2002). Our review must encompass the entire record. 
In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002). 

 Appellant's first point assigns error to the trial court's finding that termination of her
parental rights was in the best interest of MLM. She initially argues the Department "failed
to offer clear and convincing evidence as to how terminating appellant's parental rights
improved [MLM's] situation greater than by appointing [appellant] as possessory
conservator of the child and requiring her to pay child support." Texas law long has
recognized a strong presumption that the best interest of a child is served by preserving
the parent-child relationship. Wiley v. Spratlan, 543 S.W.2d 349, 352 (Tex. 1976). By
statute, that relationship may be terminated only by findings based on clear and convincing
evidence. But by statute also, the issue the court must address is whether termination is
in the best interest of the child, not whether the child's situation will be improved more by
one action than another. 

 In 1976 the Texas Supreme Court listed factors our courts have considered when
determining whether termination is in the best interest of the child. See Holley v. Adams,
544 S.W.2d 367 (Tex. 1976). The non-exclusive list set out in Holley includes the desires
of the child; the emotional and physical needs of the child now and in the future; the
emotional and physical danger to the child now and in the future; the parental abilities of
the individuals seeking custody; the programs available to assist these individuals to
promote the best interest of the child; the plans for the child by these individuals or by the
agency seeking custody; the stability of the home or proposed placement; the acts or
omissions of the parent which may indicate that the existing parent-child relationship is not
a proper one; and any excuse for the acts or omissions of the parent. Id. at 372. The best
interest analysis evaluates the best interest of the child, not that of the parent. In re S.A.P.,
169 S.W.3d at 707. 

 Appellant does not argue the court's judgment is unsupported by the Holley factors,
but she cites Horvatich v. Texas Dep't of Protective & Regulatory Svcs., 78 S.W.3d 594
(Tex.App.-Austin 2002, no pet.), in support of her contention the court's failure to consider
"a lesser alternative than termination" rendered the evidence of best interest insufficient.
The court in Horvatich found the evidence of best interest insufficient under the applicable
factors. (1) But there, the caseworker then assigned to the case was not permitted to testify
because she was not designated as a witness. Id. at 599. As a result, there was no
evidence before the court on the status, at the time of trial, of the children in foster care,
the Department's plans for the children or why it did not seek placement with an available
relative. (2) On appeal, the court found the uncertainty of the parent's plans for the future
inadequate to show termination was in the child's best interest, where the Department was
not able to present evidence of its plans. Id. at 601. Here, the Department presented the
evidence lacking in Horvatich. The Department showed its plans for permanent placement
of MLM, including evidence of her functioning in that placement pending trial and testimony
of her natural father and his wife who desired to adopt MLM. The evidence also showed
the stability of the Flemons' home, their parental abilities, and MLM's bonding with the
Flemons and their daughter. 

 There is scant, if any, evidence in this record supporting a conclusion that naming
appellant possessory conservator and requiring her to pay child support, as she suggests,
would promote stability for MLM (3) or otherwise is in the child's best interest. At the time of
the hearing, appellant was on felony deferred adjudication probation, and was in the county
jail facing further criminal proceedings. The record shows appellant had failed to make any
support payments during this proceeding and, by her own testimony at the hearing, she
had no capability to make support payments. As fact finder, the trial court was permitted
to draw inferences adverse to appellant concerning her illegal drug use when she asserted
her constitutional right against self-incrimination on being asked why she had not submitted
to the required drug tests. See In re C.J.F. 134 S.W.3d 343, 352 (Tex.App.-Amarillo 2003,
pet. denied) (applying, in termination case, rule that adverse inferences may be drawn from
assertion of Fifth Amendment privilege). The evidence showing appellant engaged in
conduct endangering to her child, discussed in our consideration of appellant's third point
of error, also is relevant to the issue of the child's best interest. See In re C.H., 89 S.W.3d 
at 28 (holding same evidence may be probative both of best interest and other termination
issues). 

 Under either the legal or factual sufficiency standards of review, we conclude the
evidence was sufficient to permit the court to reach a firm belief or conviction that
termination of appellant's parental rights was in the best interest of MLM. We overrule
appellant's first point.

 Appellant's third point addresses the sufficiency of the evidence that she engaged
in conduct or placed the child with others who engaged in conduct which endangered the
child's physical or emotional well-being. See Tex. Fam. Code Ann. § 161.001(1)(E)
(Vernon Supp. 2006). She argues the evidence showed, at most, sporadic and disjointed
drug use. She does not deny the risks posed by her drug use, but argues the Department
was obligated to show a course of conduct, rather than individual acts or omissions, citing
In re D.M., 58 S.W.3d 801, 812 (Tex.App.-Fort Worth 2001, no pet.). We agree a single
episode of endangering conduct typically is insufficient. See In re S.M.L.D., 150 S.W.3d
at 758. But the evidence here establishes that appellant had engaged in a course of
endangering conduct. There was evidence appellant's amphetamine use had resulted in
termination of her parental rights to two other children before MLM was born. (4)
 Here again,
the trial court could draw adverse inferences from appellant's invocation of her Fifth
Amendment rights in response to questions about her drug use. See In re C.J.F. 134
S.W.3d at 352. There was evidence appellant's conduct was not limited to use of illegal
drugs. The Department's involvement with MLM arose from appellant's arrest for
attempting to manufacture methamphetamine. (5) Appellant's drug use continued after MLM
was removed and she knew regaining custody depended on foregoing the use of drugs. 
The record shows appellant's drug use was part of a continuing course of conduct.

 Alexander also testified to the risks created by appellant's drug-related conduct. In
Alexander's experience as a caseworker methamphetamine use results in the type of
instability in the child's environment found here, including the parent's inability to maintain
stable employment and housing. Courts may consider a parent's pattern of drug use and
its effect on children in determining whether the conduct endangered the children. See 
In re T.N., 180 S.W.3d at 383; Vasquez v. Texas Dept. of Protective & Regulatory
Services, 190 S.W.3d 189, 196 (Tex.App.-Houston [1st Dist.] 2005, pet. denied); 
S.M.L.D., 150 S.W.3d at 758; In re R.W., 129 S.W.3d 732, 739 (Tex.App.-Fort Worth
2004, pet. denied); In re U.P., 105 S.W.3d 222, 234 (Tex.App.-Houston [14th Dist.] 2003,
pet. denied). The evidence is sufficient to support a firm conviction or belief that appellant
engaged in conduct that endangered MLM's well-being, and thus is legally and factually
sufficient to support the court's finding. We overrule appellant's third point. 

 Our disposition of appellant's first and third points is dispositive of her appeal. We
need not address her second or fourth points. See In re A.V., 113 S.W.3d at 362 (only one
finding under Family Code section 161.001(1) is necessary for termination, along with a
best interest finding). We affirm the trial court's judgment.

 

 James T. Campbell

 Justice
1. The opinion in Horvatich does state the evidence in that case "at least suggests
that the Department did not adequately consider reunification or placement with relatives
as viable alternatives to termination." 78 S.W.3d at 602. As the opinion makes clear,
however, that weakness was only one of several causing the court to conclude the
Department's evidence on best interest was insufficient. 
2. See In re T.N., 180 S.W.3d 376, 385 (Tex.App.-Amarillo 2005, no pet.) (also
distinguishing Horvatich). 
3. Another case appellant cites, In re M.A.N.M., 75 S.W.3d 73 (Tex.App.-San
Antonio 2002, no pet.), recognizes a child's need for permanence as "the paramount
consideration for the child's present and future physical and emotional needs." Id. at 77. 
4. Appellant acknowledged during her testimony that one of her children tested
positive for amphetamine. See Cervantes-Peterson v. Texas Dept. of Family & Protective
Services, No. 01-05-0307-CV, 2006 WL 2195241 (Tex.App.-Houston [1st Dist.] August 3,
2006, no pet.) (citing drug use during another pregnancy as evidence mother would
continue to endanger child). See also In re Baby Boy R., 191 S.W.3d 916, 925 (Tex.App.-
Waco 2005, pet. denied) (considering conduct toward stepchild).

5. Appellant pled guilty to this charge and, as noted, was placed on deferred
adjudication probation.